**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-60011
Summary Calendar

_____

LARRY WEST,
a/k/a/ Larry D. Hooker,
a/k/a Larry D. Hooker West,

Petitioner-Appellant,

VERSUS

ED JACKSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(2:94 CV 248 PS)

_____

September 13, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

West appeals the dismissal of his habeas petition.  We find
the petition procedurally barred and affirm the district court
judgment.

I.

---

[1]Local Rule 47.5 provides:  "The publication  of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

Larry West, a/k/a, Larry D. Hooker, filed this third federal habeas petition alleging that Mississippi Department of Corrections officials improperly calculated his sentence by failing to give credit for presentence time incarcerated.

The respondent argued the claim contained in the instant petition could have been raised in West's first habeas petition and should be dismissed as successive under Rule 9(b) since cause or prejudice was not shown. Alternatively, the respondent argued West's claim was without merit.

A magistrate judge recommended dismissal of the petition as successive or, alternatively, as procedurally barred because West failed to timely perfect an appeal to the Mississippi Supreme Court from the trial court's dismissal of the identical claim being raised in the instant petition.

The district court adopted the magistrate judge's report and dismissed with prejudice. West now appeals this judgment.

II.

Because we affirm the district court judgment that the petition is procedurally barred, we need not discuss the additional grounds for dismissal.

Since West failed to perfect a timely appeal to the Mississippi Supreme Court of this same claim, this issue has never been presented for review to the state's highest court. Under Mississippi Supreme Court Rule 4(a) this claim is now procedurally barred from review. This procedural default bars federal habeas review of this claim unless West meets an exception. Coleman v.

2

Thompson, 501 U.S. 722, 734 n.1 (1991).  West must "demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a miscarriage of justice."  Id. at 750.

The only reason offered by West for not taking a timely appeal is the appeal process was too long and he chose to gather more proof and resubmit it to the prison administrative staff.  This argument does not show adequate cause or a miscarriage of justice.  Thus the claim is procedurally barred from federal review.

AFFIRMED